IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KWAME YEBOAH,

        Plaintiff,

v.

THE BANK OF NEW YORK
MELLON AS Trustee for CIT, N.A.,

        Defendant.

CIVIL ACTION FILE NO.

1:12-CV-02139-TWT-JFK

## FINAL REPORT AND RECOMMENDATION

Plaintiff Kwame Yeboah filed the above-styled action on May 21, 2012, in the Superior Court of Douglas County seeking damages. [Doc. 1-1]. Defendant The Bank of New York Mellon as Trustee for CIT, N.A. ("BNYM"), filed a notice of removal [Doc. 1] pursuant to 28 U.S.C. § 1331, based on the federal question raised in the complaint, and § 1332, based on diversity of citizenship. BNYM filed a motion [Doc. 2] to dismiss the complaint pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for which relief may be granted. The Complaint alleges violations of the federal Truth in Lending Act ("TILA") and claims for "money lent" and breach of contract. [Doc. 1-1].

Plaintiff has not responded to the motion to dismiss which is thus deemed unopposed. See LR 7.1B, N.D. Ga. ("[f]ailure to file a response shall indicate that there is no opposition to the motion"). When a plaintiff fails to respond to a Rule 12(b)(6) motion to dismiss a complaint, granting the motion based solely on the party's failure to respond is within the discretion of a district judge. See Magluta v. Samples, 162 F.3d 662, 664-65 (11th Cir. 1998). Courts have not, however, as a general rule, automatically granted a motion to dismiss a complaint for failure to file a timely response, when doing so would be dispositive of the litigation. See Tobias v. Georgia Dept. of Corrections, 2009 WL 255632, at *1 (N.D. Ga. February 3, 2009); Perkins v. St. John Fisher College, 2006 WL 2728902, at *1 (W.D. Tex. July 21, 2006) (denying requests to grant motions to dismiss as unopposed) (citing Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006)). The court has therefore reviewed the merits of Defendant BNYM's motion [Doc. 2] to dismiss the complaint for failure to state a claim for which relief may be granted.

## I. Rule 12(b)(6) and Rule 8 Standards of Law

On a motion to dismiss under Rule 12(b)(6), the complaint's factual allegations are assumed true and construed in the light most favorable to the plaintiff. Hardy v. Regions Mortg., Inc., 449 F.3d 1357, 1359 (11th Cir. 2006); M.T.V. v. DeKalb County

School Dist., 446 F.3d 1153, 1156 (11th Cir. 2006). "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted).

The Federal Rules of Civil Procedure include no requirement that a plaintiff detail the facts upon which the plaintiff bases a claim. Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (as amended 2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted); accord Financial Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (recognizing that "while notice pleading may not require that the pleader allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements

3

AO 72A
(Rev.8/82)

necessary to sustain a recovery under some viable legal theory") (citations and internal quotation marks omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level[,]" i.e., they must do more than merely create a "'suspicion [of] a legally cognizable right of action,' on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1965 (citations omitted) (emphasis omitted). "Stated differently, the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief[.]'" Stephens, 500 F.3d at 1282 (quoting Twombly, 127 S. Ct. at 1966-67).

The court's inquiry at this stage of the proceedings focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotation marks omitted). A court reviewing a motion to dismiss must keep in mind that a "motion to dismiss for failure to state a claim upon which relief can be granted merely tests the sufficiency of the complaint; it does not decide the merits of the case." Wein v. American Huts, Inc., 313 F. Supp. 2d 1356, 1359 (S.D. Fla. 2004) (citing Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984)). "Regardless of the alleged facts, however, a court may dismiss a complaint on

4

a dispositive issue of law[,]" <u>Bernard v. Calejo</u>, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998), "when no construction of the factual allegations will support the cause of action," <u>Marshall County Bd. of Educ. v. Marshall County Gas Dist.</u>, 992 F.2d 1171, 1174 (11th Cir. 1993). <u>See also</u> <u>Glover v. Liggett Group, Inc.</u>, 459 F.3d 1304, 1308 (11th Cir. 2006) (same); <u>Aque v. Home Depot U.S.A., Inc.</u>, 629 F. Supp. 2d 1336, 1350 (N.D. Ga. 2009).

The law establishes that "[a] document filed *pro se* is 'to be liberally construed' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" <u>Erickson</u>, 127 S. Ct. at 2200 (citations omitted). Nonetheless, nothing in that leniency excuses a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." <u>Grigsby v. Thomas</u>, 506 F. Supp. 2d 26, 28 (D. D.C. 2007).

The court has applied these standards in ruling on Defendant's motion to dismiss the complaint.

5

## II. Facts

The complaint contains almost no factual allegations specific to Plaintiff's claims or to the loan and security deed apparently underlying this action. Plaintiff, in fact, references a transaction occurring on April 10, 2001, in which Plaintiff contends he "deposited $79,950.00 with [Defendant]." [Doc. 1-1, Count One-Money Lent]. In Count Two, citing the same date, Plaintiff contends that he "entered into a written contract with [Defendant], in which [Plaintiff] sold [Defendant] a deposit in the amount of $79,950.00" and that Defendant breached the contract by failing to return the deposit. [Doc. 1-1, Count Two-Breach of Contract]. Finally, in Count Three, Plaintiff alleges a violation of TILA and, citing the same date, alleges that he sold Defendant "a promissory note in the amount of $79,950.00." Plaintiff asserts that Defendants "prepared the note and mortgage agreements in writing, but failed or refused to disclose a material fact in either instrument[, that is,] that [Plaintiff] was the depositor and that [Defendant] risked none of its assets in the exchange, or any assets of other depositors." [Doc. 1-1, Count Three-Violations of Truth in Lending Law].

Defendant responds that there is no transaction of record with Plaintiff with a date of April 10, 2001, but that, instead, Defendant holds a loan note dated March 28, 2007, between Plaintiff and The CIT Group/Consumer Finance, Inc., which is secured

by a Deed to Secure Debt with the same date, for property located at 3562 Willow Meadow Lane, Douglasville, Georgia.[1] [Doc. 2, Saenz Affidavit ("Aff."), Ex A].[2] That loan was assigned to Defendant as trustee for CIT Mortgage Loan Trust 2007-1 by a written assignment dated March 10, 2007. [Doc. 2, Saenz Aff., Exs. B and C]. When the loan went into default, Defendant foreclosed on the property. The property was sold at public auction on September 6, 2011, to Defendant. [Doc. 2, Saenz Aff., Ex. D]. Defendant thereafter filed a dispossessory action against Plaintiff in state court, and in response, Plaintiff filed the instant lawsuit.

**III. Discussion**

Defendant contends that the complaint fails to state a claim upon which relief can be granted.[3] Defendant is correct.

---

[1]The court notes that this is the address provided by Plaintiff on the complaint as his residence address. [Doc. 1-1].

[2]The court has taken judicial notice of the Security Deed, as well as other public records, attached to Defendant's motion to dismiss; in doing so, the court is not required to convert Defendant's motion to dismiss to a motion for summary judgment. See Harford v. Delta Air Lines, Inc., 2008 WL 268820, at *2 (N.D. Ga. January 30, 2008) (citations omitted).

[3]Defendant also contends that the complaint is subject to dismissal for failure to perfect service of process. [Doc. 2 at 13]. Although the complaint was filed in state court on May 12, 2012, once Defendant removed the complaint to federal court on June 21, 2012, Plaintiff was afforded the opportunity to correct any errors in service

7

### a. Truth In Lending Act Claim

In Count Three, Plaintiff asserts a violation of TILA based on Defendant's alleged non-disclosure of "the material fact" that Plaintiff was the depositor with respect to the note and mortgage and that Defendant "risked none of its assets in the exchange, or any assets of other depositors." [Doc. 1-1, Count Three-Truth In Lending Law]. This allegedly non-disclosed material fact also underlies the "money lent" and breach of contract claim in Counts One and Two, which will be discussed *infra*. Plaintiff's TILA claim for damages and any further relief fails as a matter of law.

To bring an action for statutory damages under TILA, the action must be brought within one year of when the alleged violation occurred. See In re Smith, 737 F.2d 1549, 1552 (11th Cir. 1984) ("[T]he debtor must bring the [TILA] action 'within one year from the date of occurrence of the violation.'... The violation 'occurs' when

---

under state law or to perfect service pursuant to Fed. R. Civ. P. 4. See 28 U.S.C. § 1448 ("In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court."). Accordingly, Plaintiff has 120 days from the date of removal, or until on or about October 19, 2012, to serve Defendant. See Fed. R. Civ. P. 4. To the extent that Defendant seeks dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(4) or 12(b)(5), the motion is premature.

8

the transaction is consummated. . . . Nondisclosure is not a continuing violation for purposes of the statute of limitations.") (citing, *inter alia*, 15 U.S.C. § 1640(e)); accord Dixon v. Countrywide Home Loans, Inc., 710 F. Supp. 2d 1325, 1333 (S.D. Fla. 2010). The transaction in this case occurred in 2007, clearly more than one year before the complaint was filed in 2012.[4] Any TILA damage claims are, therefore, time-barred.

Equitable tolling can "salvage a stale TILA claim [if] the debtor 'ha[s] been prevented from [bringing suit] due to inequitable circumstances.'" Frazile v. EMC Mortg. Corp., 382 Fed. Appx. 833, 838 (11th Cir. 2010) (quoting Ellis v. Gen. Motors Acceptance Corp., 160 F.3d 703, 706-08 (11th Cir. 1998)). For equitable tolling to apply, however, there must be some "affirmative concealment on the part of the lender – something more than mere nondisclosure." Chevy Chase Bank, F.S.B. v. Carrington, 2010 WL 745771, at *2 (M.D. Fla. March 1, 2010) (citations omitted). "'Courts have denied tolling . . . [w]here a plaintiff relies . . . on the same allegations of fraud which constitute the TILA violation (such as failing to disclose certain finance charges) to prove fraudulent concealment [explaining that] if failure to make TILA disclosures also tolled the limitations period for pursuing TILA claims, then the statute of

---

[4]The court notes that, if Plaintiff's alleged transaction date in 2001 is used, he fairs no better.

limitations would be rendered meaningless because those non-disclosures are the very essence of a TILA violation in the first place.'" Malally v. BAC Home Loan Servicing, LLC, 2010 WL 5140626, at *7 (N.D. Ga. October 8, 2010) (quoting Carillo v. Bank of New York, 2009 WL 5708925, at *3 (S.D. Fla. 2009) (citations and internal quotations marks omitted)); see also Frazile, 382 Fed. Appx. at 838 n.2. Because the complaint contains no more than a conclusory allegation that disclosures were not made, equitable tolling is not available to salvage Plaintiff's time-barred TILA damage claims.

Although it is not clear if Plaintiff is seeking rescission of the loan note and mortgage, as Defendant notes, Plaintiff does contend that the "note and mortgage agreement are null and void. . . ." [Doc. 1-1, Count Three-Truth In Lending Law]. TILA provides a right of loan rescission, 15 U.S.C. § 1635. However, rescission is not available where a security interest in conjunction with a residential mortgage loan is "created . . . to finance the *acquisition or initial construction*" of the consumer's dwelling. 15 U.S.C. §§ 1602(w), 1635(e) (emphasis added); and see 12 C.F.R. §§ 226.23(a), (f); Malally, 2010 WL 5140626, at *7. Based on the recorded documents appended to Defendant's motion to dismiss, the loan and mortgage are apparently for

AO 72A
(Rev.8/82)

the acquisition of Plaintiff's dwelling. [Doc. 2, Saenz Aff., Exs. A and B]. Therefore, rescission of the note and mortgage is not a remedy available to Plaintiff.

Where rescission is available, e.g., when a mortgage loan is refinanced, a claim for rescission must be brought (1) within three business days following the finalization of the transaction or (2) if the creditor fails to make all of the disclosures required by TILA, within three years of the transaction date or upon sale of the property whichever occurs first. See 15 U.S.C. §§ 1635(a), (f). Plaintiff's loan closed in 2007, and he did not make a request for recision, if at all, until 2012, more than three years after the loan closed. And "the doctrine of equitable tolling is not applicable to a TILA rescission claim." Goldman v. Aurora Loan Services, LLC, 3842308, at *3 (N.D. Ga. September 24, 2010). Therefore, even if the loan at issue was not for Plaintiff's initial acquisition or construction of the property at issue, any rescission claim is time-barred. See Wane v. Loan Corp., 2012 WL 1470193, at *3 (M.D. Fla. April 27, 2012) ("Plaintiffs' rescission claim is subject to dismissal because Plaintiffs failed to effect rescission within three years of" the date of the mortgage transaction.).

For these reasons, the court **RECOMMENDS** that Defendant's motion to dismiss Plaintiff's claim pursuant to TILA, Count Three of the complaint, be **GRANTED** and that the claim be **DISMISSED WITH PREJUDICE**.

11

### b. Money Lent and Breach of Contract Claims

In Count One, Plaintiff contends that he "deposited $79,950.00" with The CIT Group/Consumer Finance, Inc., that is, the original lender on the mortgage [Doc. 2 at 2], which he has demanded be repaid but which has not been repaid. In his breach of contract claim, Count Two, Plaintiff alleges that in the written contract with The CIT Group/Consumer Finance, Inc., he "sold" The CIT Group/Consumer Finance, Inc., "a deposit in the amount of $79,950.00" which has not been returned to him. As noted, these claims are based on Plaintiff's contention that he "sold" The CIT Group/Consumer Finance, Inc., "a promissory note in the amount of $79,950.00[,]" and that, with respect to the note and mortgage agreements, Plaintiff, not The CIT Group/Consumer Finance, Inc., "was the depositor" because The CIT Group/Consumer Finance, Inc., "risked none of its assets in the exchange, or any assets of other depositors." [Doc. 1-1].

Plaintiff's argument is commonly known as the "vapor money" theory or a "no money lent" claim. Such claims "fail as a matter of law." See Montoya v. Branch Banking & Trust Co., 2012 WL 826993, at *8 (N.D. Ga. March 9, 2012) (citations omitted); and see Kalpak v. EMC Mortg. Corp., 2011 WL 271182, at *3 (M.D. Ga. July 13, 2011) (same). Courts in this circuit and across the county have routinely

12

rejected these arguments. See, e.g., Allen v. Bank of America, N.A., 2012 WL 2839819, at *3 (N.D. Ga. July 10, 2012) ("This Court previously has held this 'vapor money' theory to be frivolous, and courts across the country have rejected it uniformly.") (citing, *intra alia*, McLehan v. Mortg. Elec. Registration Sys., 2009 WL 1542929, at *2 (E.D. Mich. June 2, 2009); Demmler v. Bank One NA, 2006 WL 640499, at *4 (S.D. Ohio March 9, 2006)); Forbes v. Federal Nat'l Mortg. Ass'n, 2012 WL 1957485, at *2 (S.D. Cal. May 30, 2012) ("Such claims have been brought and rejected across the United States for over 25 years.") (citation and internal quotation marks omitted); Butticaz v. JPMorgan Chase, Nat'l Ass'n, 2011 WL 6296589, at *4 (N.D. Ga. December 15, 2011) (dismissing vapor theory claim); Buckley v. Bayrock Mortg. Corp., 2010 WL 476673, at *8 (N.D. Ga. February 5, 2010) (rejecting the vapor theory as a frivolous claim).

For these reasons, the court **RECOMMENDS** that Defendant's motion to dismiss the money lent claim, Count One, and the breach of contract claim, Count Two, be **GRANTED** and that the claims be **DISMISSED WITH PREJUDICE**.

AO 72A
(Rev.8/82)

**III. Conclusion**

For the foregoing reasons and cited authority, the court **RECOMMENDS** that Defendant's motion [Doc. 2] to dismiss be **GRANTED** and that Plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

All pretrial matters have been concluded with the issuance of this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1), this Court's Local Rule 72.1, and Standing Order 08-01 (N.D. Ga. June 12, 2008). The Clerk, therefore, is **DIRECTED** to terminate the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED** this 30th day of August, 2012.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

14